**Mitchell Dinnerstein**
Attorney at Law

20 Vesey Street - Suite 400
New York, New York 10007
212.925.0793 (office)
212.964.2926 (fax)
917.763.2897 (cell)
md@dinnersteinlaw.com

May 8, 2019

**BY E-MAIL**

United States Attorney
Southern District of New York
Attn.: Nick Chicholo, Alexandra Rothman, Nick Folly
1 St. Andrews Plaza
New York, New York 10007

RE: United States v. Bryan Duncan, et. al.
18 CR 289(SHS)

Dear Sirs and Madam:

This letter request is pursuant to United States ex. Rel. Touhy v. Regan, 340 U.S. 462 (1951) for the testimony of the Special Agent Richard Prince, a member of the Federal Bureau of Investigation who is the Case Agent in this case.

The areas of examination are the following:

1. The length of the investigation the FBI conducted in this case;

2. The law enforcement techniques that were used and not used in the investigation, including surveillance of individuals, and recording devices used by confidential informants and/or cooperating witnesses;[1] and

3. All contacts and communications with Robert Locust prior to his arrest.

---

[1] We also seek to offer through Special Agent Prince the surveillance logs that were created as part of this investigation pursuant to Fed. R. Evid. 803(6) as business records. We anticipate that Special Agent Prince will testify that the logs were made at or near the time of the particular date of surveillance, he had knowledge that surveillance was being conducted of individuals, that the logs were kept in the course of the regularly conducted activity of his team and the FBI and was made by the regularly conducted activity as a regular practice by his team and the FBI in this case.

Special Agent Prince's testimony is relevant because under FRE Rule 401 (a) evidence is relevant because each of the areas of examination will provide testimony that supports the defendant Locust's defense that he was a driver employed by Mr. Kalkanis throughout the period where he was hired by Mr. Kalkanis in approximately 2015. The defense will argue that Mr. Locust was not a participant in the fraud and the evidence is relevant to support that position under FRE Rule 401(a). The Federal Bureau of Investigation conducted a multi-year investigation where Mr. Locust, it will be argued, was not the target of the investigation. Law enforcement also surveilled the home of Mr. Locust for several weeks apparently in an effort to look for evidence inculpating Mr. Locust, but instead observed innocent behavior including washing his car prior to picking up his employer Peter Kalkanis. Further the nature of the exchange between SA Prince and Mr. Locust is relevant evidence under FRE Rule 401 (a) since it provides a fuller picture of the actions that led up to his arrest. The Government may challenge the import of this evidence and argue that it has little weight. That is their prerogative, but the question of the relevancy under FRE 401(a) only requires that the evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence". That test is clearly made.

Thank you for your cooperation in this matter.

Very truly yours,

Mitchell Dinnerstein

Mitchell Dinnerstein

cc.: Honorable Judge Sidney Stein